```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                  CRIMINAL NO. 1:13-00136

**KEVIN EUGENE PETTY**

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending before the court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence based on a subsequent reduction in the applicable sentencing guideline. (Doc. No. 47).  On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses.  Specifically, Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses.  Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014.  On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782.  Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."  U.S.S.G. § 1B1.10(e)(1).  Counsel was appointed to

represent defendant and the parties were directed to file memoranda in support of their positions.

The court has received and considered the Original Presentence Investigation Report (PSI), the Judgment and Commitment Orders and Statement of Reasons, addendum to the PSI from the Probation Office, memoranda filed by defendant and the United States, and other matters of record.  The court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Having reviewed the materials of record, the court has determined that the motion must be **DENIED**.  As defendant concedes, he is not eligible for a reduction because his sentence was not based on a range that was lowered by the amendment.  Petty's sentence of 96 months was imposed pursuant to a plea agreement under Rule 11(c)(1)(C) and represented a variance from the career offender guideline range otherwise applicable of 151 to 188 months.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 28th day of March, 2016.

                                              ENTER:

                                              David A. Faber
                                              Senior United States District Judge